UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROSTISLAV MALIKOV,

      Petitioner,

    v.                                                    Case No.:  2:26-cv-01520-SPC-NPM

GARRETT RIPA *et al.*,

      Respondents,

                                       /

## OPINION AND ORDER

Before the Court are Rostislav Malikov's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 16).

Malikov is a native and citizen of Russia, where he was persecuted for his political beliefs.  He entered the United States on November 17, 2021, and applied for admission at a port of entry.  Customs and Border Patrol allowed Malikov into the country, granted him humanitarian parole, and commenced removal proceedings by issuing a notice to appear.  Malikov later applied for asylum and withholding of removal.  On June 27, 2025, local police detained Malikov during a traffic stop and handed him over to Immigration and Customs Enforcement ("ICE").  The Court granted Malikov's first habeas petition in *Malikov v. Bondi*, M.D. Fla. 2:26-cv-172-SPC-NPM and ordered the government to either bring Malikov before an immigration judge for a bond hearing or release him.

On February 19, 2026, Immigration Judge Stuart A. Siegel denied Malikov's request for release on bond for this reason:

> Respondent has not met his burden in establishing he is not a DTC/Public Safety Risk. Respondent has over 6+ pages; over 40 separate criminal traffic stops in the 4 years Respondent has been in the United States including Felony charge/Habitual Offender. see Matter of Sinauskas. Respondent has not met his burden in establishing Respondent is a suitable bail risk. see Matter of Guerra.

(Doc. 1-1 at 5). On April 20, 2026, Judge Seigel ordered Malikov removed to Russia, Malikov appealed, and that appeal is currently pending before the Board of Immigration Appeals.

In his second habeas petition, Malikov claims (1) his continued detention violates the Fifth Amendment because it has become unreasonably prolonged and (2) the bond hearing was constitutionally deficient. In response, the government argues Malikov's second habeas action should be dismissed as duplicative of the first. The Court partially agrees. Malikov challenged the result of the bond hearing in a post-judgment motion filed in the prior case, and the Court denied the motion. His challenge to the bond hearing is thus duplicative. But Malikov's due process claim is distinct from his first action because it is based on the current duration of his detention—which has now exceeded eleven months—while the first petition challenged the legal authority for his detention.

"It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). Courts looks to three factors when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh in Malikov's favor. First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Second, the risk of erroneous deprivation of that interest is substantial here. While there is no hard limit on how long a noncitizen can be detained under § 1226(a), the longer the duration of Malikov's detention, the greater the deprivation to his right to liberty. In the context of post-removal-order detention under § 1231, the Supreme Court limited the presumptively reasonable period of detention to six months. *Id.* at 701. The Court noted "that Congress previously doubted the

3

constitutionality of detention for more than six months." *Id.* When considering the constitutionality of prolonged detention of criminal aliens under § 1226(c), the Eleventh Circuit found "[t]he need for a bond inquiry is likely to arise in the six-month to one-year window[.]" *Sopo v. U.S. Attorney Gen.*, 825 F.3d 1199, 1217 (11th Cir. 2016).

As the Supreme Court recognized in *Zadvydas*, facts that justify a brief period of detention might not justify a longer period of detention. *See Zadvydas*, 533 U.S. at 701 ("as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink"). The fact that Malikov's detention now exceeds eleven months and could continue indefinitely raises constitutional concerns that did not exist at the time of the February 2026 bond hearing. But under the status quo, Malikov has no opportunity to address those new constitutional concerns. The Court sees value in additional safeguards, like a second bond hearing in which the government bears the burden of proof. *See Velasco Lopez v. Decker*, 978 F.3d 842, 853 (2d Cir. 2020) (comparing the ease with which the government can gather evidence with the hurdles faced by a noncitizen in prolonged detention).

Third, the government has not established any legitimate interest in continuing to detain Malikov without presenting a justification. Remember: the immigration judge put the burden of proof on Malikov in the February 2026

4

bond hearing. At no point since Malikov's June 2025 arrest has ICE been required to show that either goal of immigration detention—to ensure the noncitizen's appearance at future immigration proceedings and to prevent danger to the community—outweighs Malikov's right to be free from physical restraint. A bond hearing where the government bears the burden of proof will preserve the two goals of immigration detention while accounting for the government's interest "in minimizing the enormous impact of incarceration in cases where it serves no purpose." *Velasco Lopez*, 978 F.3d at 854.

The Court will thus order the respondents to either bring Malikov before an immigration judge for a second individualized bond hearing within ten days or release him under reasonable conditions of supervision while the BIA considers his appeal. To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and the government must bear the burden of proof to justify continued detention. The Court is aware the EOIR is the agency that conducts bond hearings, it is not a party to this action, and it may decide not to hold a hearing that satisfies these requirements. If the respondents are unable to ensure Malikov receives a bond hearing that complies with this Order within ten days, they must release him, but they may impose reasonable terms of supervision.

5

Accordingly, it is hereby

**ORDERED**:

Rostislav Malikov's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED in part**.

(1)    Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Malikov for an individualized bond hearing before an immigration judge or (2) release Malikov under reasonable conditions of supervision.  If the respondents release Malikov, they shall give him telephone access so he can arrange transportation from the facility.

(2)    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on June 2, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record

6