UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROSTISLAV MALIKOV,

      Petitioner,

    v.                         Case No.:  2:26-cv-01520-SPC-NPM

GARRETT RIPA *et al.*,

      Respondents,

_____/

## OPINION AND ORDER

Before the Court are Rostislav Malikov's Emergency Motion to Enforce June 2, 2026 Opinion and Order and for Immediate Release from Detention (Doc. 22) and the government's response (Doc. 24).

Malikov is a native and citizen of Russia, where he was persecuted for his political beliefs. He entered the United States on November 17, 2021, and applied for admission at a port of entry. Customs and Border Patrol allowed Malikov into the country, granted him humanitarian parole, and commenced removal proceedings by issuing a notice to appear. Malikov later applied for asylum and withholding of removal. On June 27, 2025, local police detained Malikov during a traffic stop and handed him over to Immigration and Customs Enforcement ("ICE"). The Court granted Malikov's first habeas petition in *Malikov v. Bondi*, M.D. Fla. 2:26-cv-172-SPC-NPM and ordered the government to either bring Malikov before an immigration judge for a bond

hearing or release him.  In the resulting hearing, an immigration judge found Malikov failed to prove he is not a danger to the community and denied bond.

This second habeas action followed a few months later.  Given the prolonged nature of Malikov's detention, the Court found the Due Process Clause of the Fifth Amendment required a second bond hearing with certain procedural guardrails.  Malikov argues the resulting bond hearing did not comply with the Court's order.  Maybe so, but a factual development that just appeared on the record makes the issue moot.

The Court's original analysis was based on the assumption that 8 U.S.C. § 1226(a) governed Malikov's detention.  The Court made that assumption because while an immigration judge ordered Malikov removed on April 20, 2026, Malikov alleged he had appealed the removal order, and the government did not contest that allegation.  But the government's latest filing shows that Malikov does not have an appeal pending before the Board of Immigration Appeals ("BIA").  Malikov claims he timely mailed a notice of appeal to the BIA, and the Court accepts that claim as true.  Nevertheless, the BIA did not open an appeal, and the Court does not know why.  Malikov can ask the BIA to accept a late appeal under principles of equitable tolling, *see Matter of Morales-Morales*, 28 I&N Dec. 714 (BIA 2023), but at least for the moment, Malikov is subject to a final order of removal.  As a result, his detention is authorized by § 1231, not § 1226(a).  *See Johnson v. Guzman Chavez*, 594 U.S.

2

523, 544 (2021) ("Section 1226 applies before an alien proceeds through the removal proceedings and obtains a decision; § 1231 applies after.").

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.*

Malikov's removal period presumably commenced on May 20, 2026, when the time to appeal expired. Thus, Malikov's detention is presumptively reasonable. That could change if the BIA accepts a late appeal. In that event,

3

Malikov's detention would revert to § 1226(a), and he could file a new motion to enforce. If the BIA does not accept a late appeal, Malikov's detention will be presumptively reasonable until November 16, 2026. If ICE detains him beyond that date, he can file a new habeas petition based on *Zadvydas*. But for the moment, Malikov is not entitled to release.

Accordingly, it is hereby

**ORDERED**:

Rostislav Malikov's Emergency Motion to Enforce June 2, 2026 Opinion and Order and for Immediate Release from Detention (Doc. 22) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on June 26, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record

4